UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 08 CR 247 |
| | ) | |
| BRIAN BUTUSOV and | ) | Judge Milton I. Shadur |
| KENNETH BUTUSOV | ) | |

**GOVERNMENT' CONSOLIDATED RESPONSE
TO DEFENDANTS' PRETRIAL MOTIONS**

The United States of America, by its attorney, Patrick J. Fitzgerald, United States Attorney for the Northern District of Illinois, responds in one consolidated pleading to all of the defendants' pretrial motions, as follows:

Defendant Brian Butusov has filed the following discovery related pretrial motions:

- Motion to Require Notice of Intention to Use Other Crimes, Wrongs or Acts Evidence;
- Motion for Disclosure of Favorable and Impeaching Evidence; and
- Motion for Early Return of Rule 17(c) Subpoenas.

Defendant Kenneth Butusov has filed the following discovery related pretrial motions:

- Motion for Immediate Disclosure of Favorable Evidence;
- Motion for Disclosure of Evidence Which May Lead to the Impeachment of any Government Witness;
- Motion for Notice of Intention to Use Expert Witness Testimony;
- Motion for Notice of Intention to Use Evidence of Other Crimes, Acts and Wrongs of Defendant; and
- Motion for Early Return of Subpoenas.

Each motion should be denied, or granted in part, as discussed herein.

In accordance with this Court's order, on April 2, 2008, the government complied with its obligations under Fed. R. Crim. P. 16. On that date, the government disclosed all

documents and items not previously disclosed to defendants, including documents and items the government has no obligation to disclose at this early date. (A copy of the government's Rule 16 disclosure letters are attached hereto as Ex. A and B.) The United States has adopted this "open file" discovery to streamline trial preparation, and because it has nothing to hide. Further, on April 10, 2008, counsel for defendant Kenneth Butusov requested that the government provide a trace report for the firearm charged in Count Three of the indictment. The government will obtain this report, and provide it to the defense. Accordingly, the short response to each discovery motion is that the government has provided all it has, and when it receives additional documents or items, it will disclose them to defendants.

In the Rule 16 letter, the government offered to discuss with the defendants a timetable for disclosure of some documents it is required to produce at a later date. The government has agreed to disclose: 404(b) evidence one week before trial; file, if necessary, a Santiago proffer two weeks before trial; and produce § 3500 materials one week before trial. Defendants have never responded to the government's letter, and instead filed discovery motions.

The government additionally responds to the particular defense discovery motions as follows.

**A.      Defendants' Motions for Immediate Disclosure of Favorable Evidence, Evidence Which May Lead to the Impeachment of any Government Witness, and Disclosure of Favorable and Impeaching Evidence**

Defendants seek disclosure of several general categories of exculpatory and favorable evidence pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963) and *Giglio v. United States*, 405 U.S. 150 (1972), and *United States v. Bagley*, 473 U.S. 667 (1985), including but not limited to: (a) witness statements favorable to defendants; (b) specific evidence that detracts from the credibility of government evidence; (c) exculpatory evidence related to defendants; and (d) information that can be used to impeach government witnesses.

The government understands its *Brady* obligation to produce exculpatory evidence to the defense. The government has already produced everything it is aware of, and if any additional evidence comes to the government's attention, it will be turned over.

Similarly, the government is also aware of, and will comply with, its *Giglio* obligations to turn over information that impeaches its witnesses. Specifically, with respect to the persons the government intends to call in its case-in-chief, the information the government will turnover includes: prior inconsistent statements of the particular witness; promises of reward to a witness; prior acts of misconduct which the witness has acknowledged or which have been established to the government's satisfaction; and, plea agreements. Therefore, defendants' motions should be denied.

### B. Defendants' Motion to Require Notice of Intention to Use Other Crimes, Wrongs or Acts Evidence

#### 1. Rule 404(b) Evidence

Defendants have moved for disclosure of "other acts" evidence offered pursuant to Federal Rule of Evidence 404(b). This Rule requires the government to provide "reasonable notice in advance of trial ... of the general nature of any such evidence it intends to introduce at trial." The government will provide such notice one week before trial, in the form of all written reports in its possession concerning these events. In addition, one week before trial, the government will turn over to defendant all *Giglio* and *Jencks* materials in its possession relating to any 404(b) evidence it intends at that time to use at trial. Of course, the government has already turned over ample evidence against the defendants that is arguably admissible under Rule 404(b), and it will continue to do so, should such information become available. Therefore, defendants' motion should be denied.

#### 2. Rule 608(b) Evidence

Defendants also request that the government turn over all "other act" impeachment evidence for any witness, including the defendants and defense witnesses. This is a request for advance disclosure of material that might be used to impeach a defense witness under Federal Rule of Evidence 608(b). This request should be denied on the ground that Rule 608(b) material is not part of the government's case in chief, but merely potential impeachment evidence to be used in the event defendants, or another defense witness, testify at trial. The Seventh Circuit has held that "there is no general requirement that each side give

notice of impeachment evidence." *United States v. Braxton*, 877 F.2d 556, 560 (7th Cir.1989); *United States v. Messino*, 855 F. Supp. 955, 965 (N.D. Ill. 1994) (denying motion for disclosure of Rule 608(b) evidence).

In addition, specific instances of conduct under Rule 608(b) may *only* be used on cross-examination. Since specific instances of conduct cannot be used in the government's case-in-chief, defendants are not entitled to discovery of evidence admissible solely under Rule 608(b). *See Messino*, 855 F. Supp. at 965. Therefore, defendants' motions should be denied.

### C. Motion to Require Government to Give Reasonable Notice of Intention to Use Expert Witness Testimony

The government agrees to provide the expert disclosures required by Fed. R. Crim. P. 16(a)(1)(G) at least two weeks prior to trial. The government, in turn, requests that at least two weeks prior to trial, the defendant provide the government with the expert disclosures required by Fed. R. Crim. P. 16(b)(1)(C).

**D.     Motion for Early Return of Subpoenas Pursuant to Rule 17(c)**

Defendants moves for an order permitting the early return of trial subpoenas. The government has no objection to this motion provided that the government is similarly granted leave to obtain early return of its trial subpoenas.

**E.     Government's Motion for Reciprocal Discovery**

The government, pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure, moves this Court to enter an order requiring defendants to make available immediately for inspection by the government:

1. the opportunity to inspect and copy anything that the defendants' may mark as an exhibit at trial;

2. the results of any examination or test that the defendants may raise at trial;

3. notice of any alibi or similar defense the defendants intends to raise, including the defense of necessity or coercion and any defense asserting the defendants' unavailability, on or near the dates named in the information; and

4. notice of any defense that may possibly be raised of a mental defect inconsistent with the state of mind required for the offense charged.

The disclosures requested are specifically covered by the Federal Rules of Criminal Procedure, and were requested by the government in its initial Rule 16 letter. Moreover, defendants have been given discovery by the government. Therefore, it is appropriate that defendants now make the reciprocal disclosures that the rules of criminal procedure require,

since, "[d]iscovery must be a two-way street." *Wardius v. Oregon*, 412 U.S. 470, 475 (1973).

                                        Respectfully submitted,
                                        PATRICK J. FITZGERALD
                                        United States Attorney

                                By:  <u>/s/ Kenneth E. Yeadon</u>
                                        KENNETH E. YEADON
                                        Assistant United States Attorney
                                        219 South Dearborn Street
                                        Chicago, Illinois 60604
                                        (312) 353-5326

Dated:  April 16, 2008

## CERTIFICATE OF SERVICE

      The undersigned Assistant United States Attorney hereby certifies that the following documents:

      Government's Consolidated Response to Defendants' Pretrial Motions

were served on April 16, 2008, in accordance with FED. R. CRIM. P. 49, FED. R. CIV. P. 5, LR 5.5, and the General Order on Electronic Case Filing (ECF) pursuant to the district court's system as to ECF filers.

                                     /s/ Kenneth E. Yeadon
                                     KENNETH E. YEADON
                                     Assistant United States Attorney
                                     219 South Dearborn Street
                                     Chicago, Illinois
                                     (312) 353-5326



GOVERNMENT EXHIBIT
PENGAD-Bayonne, N.J.
B



United States Attorney
Northern District of Illinois

**U.S. Department of Justice**

---

Kenneth E. Yeadon  
Assistant United States Attorney

Dirksen Federal Building  
219 South Dearborn Street, Fifth Floor  
Chicago, Illinois 60604

Direct Line:  (312) 353-5326  
Facsimile:   (312) 353-4324

April 2, 2008

**VIA U.S. MAIL**

Linda Amdur, Esq.
53 W. Jackson Blvd., Ste. 1503
Chicago, IL 60604

    Re:    <u>Discovery – United States v. Kenneth Butusov, No. 08 CR 247 (Shadur, J.).</u>

Dear Ms. Amdur:

Pursuant to Fed. R. Crim. P. 16(a)(1) and Local Rule 16.1, enclosed please find documents bates stamped 102 through 165.

These documents generally consist of the following:

| <u>Bates Stamp #</u> | <u>Description of Documents</u> |
|---|---|
| 102-107 | Indictment |
| 108-127 | Criminal history and related reports |
| 128-163 | Reports, transcripts and related documents |
| 164-165 | Recording of April 12, 2006 gun purchase |

    1.    <u>Statements of Defendant</u>

        See above.

    2.    <u>Results of Examinations, Tests, or Experiments</u>

        See above.

3. <u>Grand Jury Testimony by Defendant</u>

None.

4. <u>Defendant's Criminal Record</u>

See above.

5. <u>Defendant's Property in Government Custody</u>

None.

6. <u>Evidence Favorable to Defendant</u>

The government is not aware of any evidence that must be disclosed pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963). If the government does become aware of any such evidence, it will be provided to you.

In return, I request all discovery material to which the government is entitled pursuant to Local Rule 16.1 and the Federal Rules of Criminal Procedure, including but not limited to:

1. the opportunity to inspect and copy anything you may mark as an exhibit at trial;

2. the results of any examination or test that defendant may raise at trial;

3. notice of any alibi or similar defense the defendant intends to raise, including the defense of necessity or coercion and any defense asserting the defendant's unavailability, on or near the dates named in the information;

4. notice of any defense that may possibly be raised of a mental defect inconsistent with the state of mind required for the offense charged; and

5. a summary of any expert testimony that the defendant intends to rely upon at trial, along with the expert's qualifications.

The government furthermore agrees to the following concerning further discovery or inspection:

1. the government agrees to preserve the written notes of government agents;

2. the government will provide you with identification and notification of evidence it intends to introduce pursuant to Federal Rule of Evidence 404(b) one week prior to trial;

3. the government will provide materials subject to 18 U.S.C. § 3500 one week prior to trial. In exchange, the government requests that you provide any statements or reports relating to defense witnesses one week prior to trial as well. If this is not acceptable to you, please let me know prior to the date for the filing of pre-trial motions, and I will file a motion with the court requesting the same; and

4. the United States will file, if necessary, its proffer under *United States v. Santiago*, 582 F.2d 1128 (7th Circuit 1978) two weeks before trial.

One additional matter for your consideration is the subject of plea negotiations and the possibility of cooperation. A defendant's timeliness in manifesting an acceptance of responsibility is an element that is considered in determining whether to reduce the adjusted offense level under the United States Sentencing Guidelines. Based on my assessment of the evidence in this case, I will need to begin trial preparation no later than three weeks before the scheduled trial date. Once I begin trial preparation, the defendant may become ineligible for a one-level reduction under Guideline § 3E1.1(b).

Finally, I request that you contact me to discuss any other preliminary matters where our agreement would serve to expedite the orderly trial of the case. If you have any questions, please contact me at (312) 353-5326.

Very truly yours,

PATRICK J. FITZGERALD
United States Attorney

By: _____
KENNETH E. YEADON
Assistant United States Attorney

3

GOVERNMENT
EXHIBIT
A



United States Attorney
Northern District of Illinois

**U.S. Department of Justice**

Kenneth E. Yeadon
Assistant United States Attorney

Dirksen Federal Building
219 South Dearborn Street, Fifth Floor
Chicago, Illinois 60604

Direct Line:   (312) 353-5326
Facsimile:    (312) 353-4324

April 2, 2008

**VIA U.S. MAIL**

Rachel Zebio, Esq.
190 S. LaSalle Street, Ste. 520
Chicago, IL 60603

    Re:    <u>Discovery – United States v. Brian Butusov, No. 08 CR 247 (Shadur, J.).</u>

Dear Ms. Zebio:

    Pursuant to Fed. R. Crim. P. 16(a)(1) and Local Rule 16.1, enclosed please find documents bates stamped 1 through 101 and 164-166

    These documents generally consist of the following:

| Bates Stamp # | Description of Documents |
| --- | --- |
| 1-6 | Indictment |
| 7-55 | Criminal history and related documents |
| 56-101 | Reports, transcripts and related documents. |
| 164-165 | Recording of April 12, 2006 gun purchase |
| 166 | Recording of March 22, 2006 gun purchase |

    1.    <u>Statements of Defendant</u>

        See above.

    2.    <u>Results of Examinations, Tests, or Experiments</u>

        See above.

3. <u>Grand Jury Testimony by Defendant</u>

None.

4. <u>Defendant's Criminal Record</u>

See above.

5. <u>Defendant's Property in Government Custody</u>

None.

6. <u>Evidence Favorable to Defendant</u>

The government is not aware of any evidence that must be disclosed pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963). If the government does become aware of any such evidence, it will be provided to you.

In return, I request all discovery material to which the government is entitled pursuant to Local Rule 16.1 and the Federal Rules of Criminal Procedure, including but not limited to:

1. the opportunity to inspect and copy anything you may mark as an exhibit at trial;

2. the results of any examination or test that defendant may raise at trial;

3. notice of any alibi or similar defense the defendant intends to raise, including the defense of necessity or coercion and any defense asserting the defendant's unavailability, on or near the dates named in the information;

4. notice of any defense that may possibly be raised of a mental defect inconsistent with the state of mind required for the offense charged; and

5. a summary of any expert testimony that the defendant intends to rely upon at trial, along with the expert's qualifications.

The government furthermore agrees to the following concerning further discovery or inspection:

1. the government agrees to preserve the written notes of government agents;

2. the government will provide you with identification and notification of evidence it intends to introduce pursuant to Federal Rule of Evidence 404(b) one week prior to trial;

3. the government will provide materials subject to 18 U.S.C. § 3500 one week prior to trial. In exchange, the government requests that you provide any statements or reports relating to defense witnesses one week prior to trial as well. If this is not acceptable to you, please let me know prior to the date for the filing of pre-trial motions, and I will file a motion with the court requesting the same; and

One additional matter for your consideration is the subject of plea negotiations and the possibility of cooperation. A defendant's timeliness in manifesting an acceptance of responsibility is an element that is considered in determining whether to reduce the adjusted offense level under the United States Sentencing Guidelines. Based on my assessment of the evidence in this case, I will need to begin trial preparation no later than three weeks before the scheduled trial date. Once I begin trial preparation, the defendant may become ineligible for a one-level reduction under Guideline § 3E1.1(b).

Finally, I request that you contact me to discuss any other preliminary matters where our agreement would serve to expedite the orderly trial of the case. If you have any questions, please contact me at (312) 353-5326.

Very truly yours,

PATRICK J. FITZGERALD
United States Attorney

By: *[signature]*
KENNETH E. YEADON
Assistant United States Attorney